**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2010



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CRISTOBAL ZAMUDIO,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>CITY OF OAKLAND,<br><br>             Defendant - Appellee. | No. 09-16304<br><br>D.C. No. 3:07-cv-05713-MHP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted May 13, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Cristobal Zamudio appeals from the district court's order granting summary

judgment to the City. He argues that the City failed to reasonably accommodate

his disability and retaliated against him for filing worker's compensation and

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

discrimination claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

California law makes it an unlawful employment practice for an employer "to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m). A reasonable accommodation is "'a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired.'" *Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 358 (Ct. App. 2009) (quoting *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 83 Cal. Rptr. 3d 190, 211 (Ct. App. 2008)). "[A]n employer has no duty . . . to accommodate a disabled employee by making a temporary accommodation permanent if doing so would require the employer to create a new position just for the employee." *Raine v. City of Burbank*, 37 Cal. Rptr. 3d 899, 908 (Ct. App. 2006).

The undisputed evidence shows that heavy lifting, bending, and stooping were essential functions of Zamudio's gardener crew leader position. It also shows that Zamudio's disability rendered him incapable of performing those functions in a manner that would not endanger his own health. He repeatedly reinjured himself despite access to his only suggested accommodation—a helper. The City made reasonable efforts to find him an alternative position and eventually returned him to the gardener crew leader position after an independent doctor released him to

-2-

return to work.  In light of the evidence, the district court correctly concluded that there was no genuine issue of material fact regarding the City's accommodation of Zamudio's disability.

Zamudio also argues that the City's delay in returning him to his position is evidence of retaliation.  However, the undisputed evidence shows that Zamudio was not given a full release to return to work until May 2008, and he returned to work shortly thereafter.  There is no evidence that the City used the absence of a release as a pretext to keep him out of his job.  Because there is no evidence of a causal connection between Zamudio's protected activities and the timing of his return to work, the district court correctly granted summary judgment to the City. *See Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 665 (Ct. App. 2000) (citing California and federal authorities).

AFFIRMED.

*Zamudio v. City of Oakland*, No. 09-16304

RAYMOND C. FISHER, dissenting:

Notwithstanding the city's commendable efforts to accommodate Mr. Zamudio in other respects, I am not persuaded that summary judgment was properly granted with respect to Zamudio's claim that the city unlawfully discriminated against him on the basis of disability in May 2005, when the city suspended Zamudio's employment based on his 50-pound lifting restriction. Whether the ability to lift over 50 pounds without assistance was an essential function of the job is a disputed issue of fact, especially in light of the omission of any such requirement from the essential job functions analysis prepared on behalf of the city in August 2005. Whether the city suspended Zamudio's employment out of concern for his safety is also disputed, especially in light of the deposition testimony by Ms. Holmes, which indicates that Zamudio was suspended based on the 50-pound lifting restriction rather than for other possible reasons. Our role on summary judgment is not to decide disputed questions of fact. I therefore respectfully dissent.